## No. 3044.

### JAMES LONGSTREET, *v.* R. MARSH DENMAN & CO.

The plaintiff claims the value of a carriage and harness he purchased from defendants and left with them on storage. He had paid a portion of the price in cash, and for the balance gave the defendants a note of J. B. Hood to the order of and indorsed by plaintiff which was taken as a payment of the bill for the carriage, and a receipt in full given. The note was not paid at maturity, but the defendants do not seem to have taken the steps necessary to bind the plaintiff as indorser. But, in any view of their rights, they had no authority to sell the plaintiff's property which was stored with them subject to his order.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley, J.* *J. M. Bonner,* for plaintiff and appellee. *Foster & Merrick, Brice & Mitchel,* for defendants and appellants.

HOWELL, J. The defendants have appealed from a judgment against them for the value of a carriage and harness purchased by plaintiff from them and left with them on storage. The evidence satisfies us, as it did the judge *a quo,* that after the purchase of the carriage there was a settlement between the parties, by which the plaintiff paid a

portion of the price in cash and for the balance gave the defendants a note of J. B. Hood, to the order of and indorsed by plaintiff, which was taken as a payment of the bill for the carriage and a receipt in full given. The note was not paid at maturity, but the defendants do not seem to have taken the steps necessary to bind the plaintiff as indorser. But, in any view of their rights, they had no authority to sell the plaintiff's property, which was stored with them subject to his order; what occurred after the maturity of the note did not amount to a new agreement or obligation on the part of plaintiff, nor give the defendants the right to sell as they did.

Judgment affirmed.